UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Joy STENNETT
_____
Write the full name of each plaintiff.

## 26 CV 2266

_____CV_____
(Include case number if one has been assigned)

-against-

MounT Sinai Hospital

Do you want a jury trial?
☒ Yes   ☐ No

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

# EMPLOYMENT DISCRIMINATION COMPLAINT

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

RECEIVED
SDNY PRO SE OFFICE
2026 MAR 19  AM 9: 59

Rev. 1/24/19

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_Joy_   _B_   _STENNETT_
First Name        Middle Initial        Last Name

_2944 Holiday Park Drive_
Street Address

_Merrick_            _NY_            _11566_
County, City                State            Zip Code

_646-784-6449_            _Jos9043@aol-Com_
Telephone Number            Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:   _Mount Sinai Hospital - Rebecca Berkebile_
                Name
                _150 E 42nd Street, 2nd Floor_
                Address where defendant may be served
                _New York_        _NY_        _10017_
                County, City        State        Zip Code

Defendant 2:   _____
                Name

                _____
                Address where defendant may be served

                _____
                County, City        State        Zip Code

Defendant 3:

_____

Name

_____

Address where defendant may be served

_____

County, City                    State          Zip Code

## II.   PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

*Mount Sinai Hospital main*

Name

*5E 98th street*

Address

*NYC*                         *NY*

County, City                  State          Zip Code

## III.   CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☒ race:       _____

☒ color:      _____

☐ religion:   _____

☐ sex:        _____

☐ national origin:   _____

Page 3

☒ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: *Black / African American*

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B.  Other Claims

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☒ Other (may include other relevant federal, state, city, or county law):

*opposed discrimination / retaliation in violation Art. 15*

Page 4

## IV.   STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☒ terminated my employment
- ☐ did not promote me
- ☒ did not accommodate my disability
- ☒ provided me with terms and conditions of employment different from those of similar employees
- ☒ retaliated against me
- ☒ harassed me or created a hostile work environment
- ☐ other (specify): _____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

The defendant terminated my employment because I filed a claim against the defendant for discrimination, harassment, did not accommodate my disability, retaliation and provided me with terms and conditions different from those of similar employees. These incidences occured from 7/2019 to March February 2022.

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

Page 5

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☑ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?    4/2022

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☑ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?    1/28/2026

When did you receive the Notice?    1/31/2026

☐ No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☑ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here):

I direct the defendant to compensate me with money damages due to their actions for violation, my human rights law - NY Exce Law article 15. (Title VII)

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| 3/19/2024 | _Sfennett_ |
| Dated | Plaintiff's Signature |
| Joy | B            Sfennett |
| First Name | Middle Initial      Last Name |
| 2944 | Holiday Park Drive |
| Street Address | |
| Merrick | NY                11566 |
| County, City | State               Zip Code |
| 646-784-6449 | Jos9043@aol.con |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 01/28/2026

**To:** Joy Stennett
2944 Holiday Park Drive
Merrick NY 11566

Charge No: 16G-2022-03251

EEOC Representative and email:     HERNAN MORALES
STATE & LOCAL PROGRAM MANAGER
HERNAN.MORALES@EEOC.GOV

### DISMISSAL

The EEOC is closing this charge because: Charging Party wishes to pursue matter in Federal District Court.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Arlean Nieto
01/28/2026
Arlean Nieto
Acting District Director

Cc:  **Mount Sinai Hospital**
     **Office of the General Counsel**
     **Attn: Rebecca Berkebile – Associate General Counsel**
     **150 East 42nd Street**
     **2nd Floor**
     **New York NY 10017**

Please retain this Notice for your records.



Division of
Human Rights

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

JOY B. STENNETT,

                              Complainant,

                    v.

THE MOUNT SINAI HOSPITAL,

                              Respondent.

DETERMINATION AFTER
INVESTIGATION

Case No.
10218407

---

Federal Charge No. 16GC203251

On 5/18/2022, Joy B. Stennett filed a complaint with the New York State Division of Human Rights ("Division"), charging the above-named Respondent with an unlawful discriminatory practice relating to employment because of race/color, opposed discrimination/retaliation in violation of N.Y. Exec. Law, art. 15 ("Human Rights Law").

After investigation, the Division has determined that it has jurisdiction in this matter and that <u>PROBABLE CAUSE</u> exists to believe that the Respondent has engaged in or is engaging in the unlawful discriminatory practice complained of.

Pursuant to the Human Rights Law, this matter is recommended for public hearing. The parties will be advised of further proceedings.

Dated:        FEB 0 C 2023
              New York, New York

                              STATE DIVISION OF HUMAN RIGHTS

                    By:   David E. Powell
                          David E. Powell
                          Regional Director

# NEW YORK STATE

# DIVISION OF HUMAN RIGHTS

TO:    Files                               REGION: Upper Manhattan

FROM: David E. Powell                 DATE:   FEB 01 2023
       Regional Director

SDHR CASE NO: 10218407-22-E-RO-E

Federal Charge No. 16GC203251

SUBJECT:   Joy B. Stennett v. The Mount Sinai Hospital

---

## FINAL INVESTIGATION REPORT AND BASIS OF DETERMINATION

### I.    CASE SUMMARY

This is a complaint filed by complainant. Joy B. Stennett. on Wed 5/18/2022. The complainant, who is Black and who opposed discrimination, charges the respondent with unlawful discriminatory practices in relation to employment because of race/color, opposed discrimination/retaliation.

### II.    SUMMARY OF INVESTIGATION

<u>Complainant's Position:</u>

The Complainant alleged that in July 2022, she was harassed by Toni Kavanagh, RN, and Dr. Maite Lavega-Talbott. The Complainant reported the matter to HR and has been retaliated against since then.

The Complainant alleged that she has been treated differently from other providers: she was denied time off from work and given negative appraisals and disciplines in comparison to her co-workers. The Complainant stated that she was suspended and then terminated.

<u>Respondent's Position:</u>

The Respondent denies discriminating against the Complainant based on her race/color or retaliating against her.

The Respondent stated that the Complainant was hired as a Nurse Practitioner in the Hospital's neurology department in July of 2019. The department the Complainant worked in is very diverse, with Black, Hispanic, Asian, and White employees.

The Respondent stated that in July 2021, the Complainant's Administrative Manager. Bhumika

Soni, gave both Complainant and co-worker Toni Kavanagh, Registered Nurse, a documented conference after they engaged in an unprofessional verbal altercation. After receiving the documented conference, the Complainant made a complaint of race discrimination against Ms. Kavanagh. The Respondent asserts that it performed a thorough investigation into the Complainant's claims concerning Ms. Kavanagh and found no evidence of race discrimination.

The Respondent stated that the Complainant received another documented conference in October 2021 because she was late to work twice without informing her supervisor that she would be late.

The Complainant's 2021 performance evaluation noted that she needed improvement in various categories, as she had specific performance issues in those areas. The evaluation noted that she made errors on basic clinical duties such as ordering patients' medications and ordering the right doses of the medications. The evaluation also notes specific errors made by the Complainant, like placing the wrong order for a patient.

In January 2022, the Complainant received a first final warning for a performance error regarding patient's medication. The Complainant had sent a prescription to the wrong pharmacy two times for a patient who suffers from severe epilepsy and needs to take her medication in a timely manner. In February 2022, the Complainant received a final warning for another performance issue regarding an error with patient medication information. The Complainant sent an incorrect sign out to the clinical team for two patients, with incorrect medication information and an incorrect medical history/plan. This could have had a significant impact on patient safety.

On March 2, 2022, the Respondent placed the Complainant on a Performance Improvement Plan. The Respondent notified the Complainant that she needed to improve in numerous areas, including communicating efficiently and effectively with patients and co-workers, taking ownership and accountability for her work, and becoming more knowledgeable of current guidelines and protocols of epilepsy/neurological disorders to enable her to deliver proper care to the patients.

On March 16, 2022, after additional patient care issues and errors were discovered, the Respondent terminated the Complainant's employment. The Hospital discovered that the Complainant had written a note on a patient with an incorrect diagnosis and failed to write important medical information in another patient's chart. The Complainant also cancelled a patient's admission, leaving the patient's family in distress and impacting patient safety. Finally, the Complainant also failed to include a necessary order for a patient, delaying patient care and creating a safety concern. The Respondent stated that the Complainant's patient care issues posed too great a risk to vulnerable patients for her to continue working at the Hospital.

The Respondent stated that contrary to the Complainant's claims, it did not deny her time off from work or demote her.

Investigator's Observations:

Complainant stated that she was harassed by Toni Kavanagh, the clinical coordinator, and targeted by Dr. Maite Lavega-Talbott. Complainant claimed that all complaints made in write ups about her were directly from Dr. Lavega-Talbott and were unwarranted. Complainant argued that no other employees were held accountable for the same errors she has been accused of.

Complainant denied that she has made the medicals errors such as writing wrong medication doses for any patients and has never acted unprofessionally towards any patient or co-worker. Complainant also denies ever being late and not notifying her supervisor. Complainant stated that she notified Soni Bhumika, Dr. Lavega, and Toni Kavanagh in advance about her medical appointments but was still disciplined. Complainant mentioned that she has witnessed many other providers be late without consequence. Complainant provided doctor's notes documenting that she had medical appointments for the two days the Respondent claims she was late. Complainant pointed out that she was approved for intermittent FMLA which allowed her 2 hours off from work for medical appointments.

Complainant alleged that on December 30, 2021, Mount Sinai Hospital terminated her health benefits without letting her know. Complainant stated that the hospital reported that she was on continuous LOA and did not return to work, resulting in her losing medical and disability coverage for weeks.

Complainant provided details on reporting instances of "disrespectful" behavior towards her from Dr. Lavega-Talbott in front of other co-workers and states no corrections were made. Complainant stated that she did in fact receive the Performance Evaluation in December 2021. However, Complainant claimed that the report was falsified and signed off by managers that they have met with her and reviewed the evaluations. Complainant argues this did not happen and that the form was later altered. The "Overall job responsibilities" was initially left blank but a response appeared after her termination. Complainant claimed to have followed all proper protocol for medication doses and all guidelines for ordering medications.

Complainant stated that in January 2022, she was harassed again by Toni Kavanagh and called her a bitch and told that she is nasty and hated by Kavanagh. Complainant denied her "fourth unwarranted written disciplinary action" received on January 27, 2022. Complainant argued that she did not send the patient's medication to the wrong pharmacy. There were two pharmacies listed on the patient's profile. The Complainant communicated with patient's mother who confirmed that the patient did not run out of medication and had enough for the refill. Complainant claimed there was no medication error and that all guidelines were followed.

Complainant stated she was the only African American Nurse Practitioner in the unit that was treated differently from the others. Complainant claims her complaints of discrimination and retaliation are clearly evidenced in Exhibits 1-6. Complainant argued she was subjected to repeated discrimination, retaliation, unlawful harassment, hostility, and wrongfully terminated, because she spoke the truth about her claim.

Complainant stated Exhibit 1 shows her complaints of discrimination and harassment to Mount Sinai Hospital HR. Complainant claimed at no other time was she disciplined at Mount Sinai Hospital until after she filed the claim of discrimination, harassment, and retaliation.

Complainant stated Exhibit 2 explains the facts about the verbal and physical harassment endured from the supervisor, Toni Kavanagh, RN. Complainant stated that the Hospital argues they have a policy against harassment but seems to turn a blind eye since she is an African American woman. Complainant claimed Toni Kavanagh has repeatedly harassed and treated her differently, has been written up by a patient on the internet for discrimination has not been disciplined. Complainant also claimed Kavanagh has used profanity towards her and this instance has as well gone unpunished.

Complainant claimed to have been harshly punished in comparison to other providers. Complainant argues the hospital tried to discredit her performance with dishonesty. Complainant claimed Mount Sinai Hospital fabricated and altered her performance evaluation, created a timeline of negativity against her, excluded her out of meeting and refused to speak to her while on the job. Complainant claimed her case load was unfairly increased without any staff assistance while the Clinical Coordinator was off duty. Complainant stated her job description was changed from what she was initially told when hired. Complainant argued that Toni Kavanagh was secretly given the position of Clinical Coordinator without posting the opening or informing her. Complainant claimed to be demoted to more clerical work as opposed to maintaining her professional role as a Pediatric Epilepsy Nurse Practitioner.

Complainant claimed to be "wrongfully written up for approved FMLA appointment time from work." Complainant argued her manager terminated her health benefits in January 2022 by citing false information about her FMLA claim to NYSNA.

Complainant claimed Exhibit 5 shows examples of medication errors made by other providers in the same department that resulted in no discipline. Complainant argued all the disciplinary actions against her began after she wrote the claim of discrimination to the HR department. Complainant stated, "everyone in the unit knew what was happening to me but they were afraid to come forth, fearing they would lose their jobs."

Complainant argued her claims are not meritless but are factual and truthful. Complainant expressed when compared to other non-African American providers in the department, she was disappointed by the disparate disciplinary treatment, and racially hostile working environment endured while working at Sinai Hospital.

Submitted by: _____
Janne Linares
Human Rights Specialist II

## III.    BASIS FOR DETERMINATION

For workplace harassment alleged to have occurred on or after October 11, 2019 or alleged to have continued until or beyond that date, the legal standard for actionable harassment, including but not limited to sexual harassment, has been changed by an amendment to the Human Rights

Law. To be an unlawful discriminatory practice, harassment is no longer required to be "severe or pervasive." The amendment added the following new paragraph:

> 1. It shall be an unlawful discriminatory practice:
> (h) For an employer, licensing agency, employment agency or labor organization to subject any individual to harassment because of an individual's age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, domestic violence victim status, or because the individual has opposed any practices forbidden under this article or because the individual has filed a complaint, testified or assisted in any proceeding under this article, regardless of whether such harassment would be considered severe or pervasive under precedent applied to harassment claims. Such harassment is an unlawful discriminatory practice when it subjects an individual to inferior terms, conditions or privileges of employment because of the individual's membership in one or more of these protected categories. The fact that such individual did not make a complaint about the harassment to such employer, licensing agency, employment agency or labor organization shall not be determinative of whether such employer, licensing agency, employment agency or labor organization shall be liable. Nothing in this section shall imply that an employee must demonstrate the existence of an individual to whom the employee's treatment must be compared. It shall be an affirmative defense to liability under this subdivision that the harassing conduct does not rise above the level of what a reasonable victim of discrimination with the same protected characteristic or characteristics would consider petty slights or trivial inconveniences.

Executive Law, art. 15 (Human Rights Law) § 296.1(h). These new standards have been applied in order to make a determination in this case as to whether there is probable cause to believe that unlawful discrimination has occurred, based on the evidence obtained from the investigation.

A review of the record reveals that there are material issues of fact and credibility involved which are best resolved at a public hearing before an administrative law judge, where testimony is taken under oath, witnesses are subject to cross-examination and a full record is made. These issues include, but are not limited to, whether the Complainant made medicals errors by writing wrong medication doses for patients; whether she acted unprofessionally towards patients or co-workers; whether the Complainant placed the wrong order for a patient; whether the Complainant followed all proper protocols for medication doses and all guidelines for ordering medications; whether the Complainant was late to work twice without informing her supervisor that she would be late; whether the Complainant had intermittent FMLA time that allowed her two hours for medical appointments; whether the Complainant was harassed again by Toni Kavanagh in January 2022 and called a bitch; and whether the Complainant was subjected to discriminatory harassment, disparate treatment and terminated because of her race/color and her opposition to discrimination.

At a hearing, both parties will have a full opportunity to present their positions before an administrative law judge under the more formal requirements of a public hearing (Human Rights Law §297(2)(a)). After a record is made following a public hearing, the Commissioner of Human Rights will be in a position to determine whether the Respondent discriminated against the Complainant.

Reviewed & Approved:    *David E. Powell*

David E. Powell
Regional Director

## IV.    DETERMINATION

Based on the foregoing, I find Probable Cause to support the allegations of the complaint.

*David E. Powell*

David E. Powell
Regional Director

Joy Stennett

2944 Holiday Park Drive

Merrick NY 11566

Jos9043@aol.com

646-784-6449

July 22, 2025



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE

SEP 1 8 2025

DATE RECEIVED

EEOC Charge Number: 16GC203251

NYSDHR Case Number: 10218407

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office

33 Whitehall Street, 5th Floor

New York, New York 10004-2112

To whom It May Concern

RE: Request for Right to Sue Letter

This is a formal letter requesting a Right to Sue Letter regarding my case which was initially filed with the EEOC against Mount Sinai Hospital in NYC. My charge initially filed on 7/12/2021, under the Title VII of the Civil Rights Act of 1964 pertains to allegations of discrimination based on race, color and retaliation unlawful discriminatory practice relating to employment because of race/color, opposed discrimination/retaliation, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296. I also charge the above-named respondent with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment).

I have filed with the Department of Human Rights and received a Probable Cause and want to pursue the case in Federal Court. According to Title VII of the Civil Rights Act of 1964, which allows me to file a lawsuit in federal district court, because I do not want the New York State Division of Human Rights to conduct the investigation. I am therefore requesting from the EEOC a Letter of Right to Sue and file within the allowed time frame.

Here is a summary of my complaint:

I Joy Stennett, who is Black and who opposed discrimination, charges the respondent Mount Sinai Hospital with unlawful discriminatory practices in relation to employment because of race/color and opposed discrimination/retaliation. Since this discrimination complainant became very depressed, anxious and has difficulty focusing.

On July 2021, the complainant was harassed by Mount Sinai employees Toni Kavanagh RN, and Dr. Maite Lavega-Talbott. Complainant reported the matter to my HR department and has been retaliated against since reporting the matter.  Complainant was treated differently from other providers, denied time off from work and given negative appraisals and disciplines in comparison to my coworkers. Complaint was suspended and then terminated.

Complainant stated that she was harassed by Toni Kavanagh, the clinical coordinator, and targeted by Dr. Maite Lavega-Talbott. Complainant claimed that all complaints made in write ups about her were directly from Dr. Lavega-Talbott and were unwarranted. Complainant argued that no other employees were held accountable for the same errors she has been accused of. Complainant denied that she has made the medicals errors such as writing wrong medication doses for any patients and has never acted unprofessionally towards any patient or co-worker.

Complainant also denies ever being late and not notifying her supervisor. Complainant stated that she notified Soni Bhumika, Dr. Lavega. and Toni Kavanagh in advance about her medical appointments but was still disciplined. Complainant mentioned that she has witnessed many other providers be late without consequence. Complainant provided doctor's notes documenting that she had medical appointments for the two days the Respondent claims she was late. Complainant pointed out that she was approved for intermittent FMLA which allowed her 2 hours off from work for medical appointments. ·

Complainant alleged that on December 30, 2021, Mount Sinai Hospital terminated her health benefits without letting her know. Complainant stated that the hospital reported that she was on continuous LOA and did not return to work, resulting in her losing medical and disability coverage for weeks.

Complainant provided details on reporting instances of "disrespectful" behavior towards her from Dr. Lavega-Talbott in front of other co-workers and states no corrections were made. Complainant stated that she did in fact receive the Performance Evaluation in December 2021. However. Complainant claimed that the report was falsified and signed off by managers that they have met with her and reviewed the evaluations. Complainant argues this did not happen and that the form was later altered. The "Overall job responsibilities" was initially left blank but a response appeared after her termination.

Complainant claimed to have followed all proper protocol for medication doses and all guidelines for ordering medications. Complainant stated that in January 2022, she was harassed again by Toni Kavanagh and called her a bitch and told that she is nasty and hated by Kavanagh.

Complainant denied her "fourth unwarranted written disciplinary action" received on January 27. 2022. Complainant argued that she did not send the patient's medication to the wrong pharmacy. There were two pharmacies listed on the patient's profile. The Complainant communicated with patient's mother who confirmed that the patient did not run out of medication and had enough for the refill. Complainant claimed there was no medication error and that all guidelines were followed.

Complainant stated she was the only African American Nurse Practitioner in the unit that was treated differently from the others. Complainant claims her complaints of discrimination and retaliation are clearly evidenced in Exhibits 1-6. Complainant argued she was subjected to repeated discrimination, retaliation, unlawful harassment, hostility, and wrongfully terminated. because she spoke the truth about her claim. Complainant stated Exhibit 1 shows her complaints of discrimination and harassment to Mount Sinai Hospital HR. Complainant claimed at no other time was she disciplined at Mount Sinai Hospital until after she filed the claim of discrimination. harassment, and retaliation.

Complainant stated Exhibit 2 explains the facts about the verbal and physical harassment endured from the supervisor. Toni Kavanagh, RN. Complainant stated that the Hospital argues they have policy against harassment but seems to turn a blind eye since she is an African American woman. Complainant claimed Toni Kavanagh has repeatedly harassed and treated her differently, has been written up by a patient on the internet for discrimination has not been disciplined. Complainant also claimed Kavanagh has used profanity towards her and this instance has as well gone unpunished. Complainant claimed to have been harshly punished in comparison to other providers. Complainant argues the hospital tried to discredit her performance with dishonesty. Complainant claimed Mount Sinai Hospital fabricated and altered her performance evaluation, created a timeline of negativity against her, excluded her out of meeting, and refused to speak to her while on the job.

Complainant claimed her case load was unfairly increased without any staff assistance while the Clinical Coordinator was off duty. Complainant stated her job description was changed from what she was initially told when hired. Complainant argued that Toni Kavanagh was secretly given the position of Clinical Coordinator without posting the opening informing her. Complainant claimed to be demoted to more clerical work as opposed to maintaining her professional role as a Pediatric Epilepsy Nurse Practitioner. or Complainant claimed to be "wrongfully written up for approved FML.A appointment time from work." Complainant argued her manager terminated her health benefits in January 2022 by citing false information about her FMLA claim to NYSNA. Complainant claimed Exhibit 5 shows examples of medication errors made by other providers in the same department that resulted in no discipline. Complainant argued all the disciplinary actions against her began after she wrote the claim of discrimination to the HR department. Complainant stated. "everyone in the unit knew what was happening to me

but they were afraid to come forth, fearing they would lose their jobs." Complainant argued her claims are not meritless but are factual and truthful. Complainant expressed when compared to other non-African American providers in the department, and was disappointed by the disparate disciplinary treatment, and racially hostile working environment endured while working at Sinai Hospital.

Thank you for your consideration and awaits a prompt response to this letter.

Sincerely,

Joy Stennett