USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   4/8/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                         :

JOY STENNETT,                                 :

                                  Plaintiff,      :           1:26-cv-2266-GHW

                                           :

                         -v -                     :           ORDER OF SERVICE

                                           :

MOUNT SINAI HOSPITAL,                  :

                                           :

                               Defendant.      :

                                           :

------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; 42 U.S.C. §1981; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131, alleging that her employer discriminated against her based on her race.  By order dated March 23, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff. Plaintiff may receive court documents by email by completing a Consent to Electronic Service form.[2]

SO ORDERED.

Dated:    April    8,    2026

New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

2

**SERVICE ADDRESS FOR DEFENDANT**

Mt. Sinai Hospital
150 East 42nd Street, Second Floor
New York, N.Y. 10017